IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Steven J. Schneider and Shelley L. Schneider,    *
                                                 *
                                  Paintiffs,     *    8:05Cv126 -126 MAP
                                                 *
v.                                               *    Civil No.:
                                                 *    Florida Bar No. 17388
GMAC Mortgage Corporation                        *
dba Ditech.com,                                  *
                                                 *
                                  Defendant.     *

## COMPLAINT

Steven and Shelley L. Schneider (collectively referred to as "Schneider"),

Plaintiffs in this action complain as follows against GMAC Mortgage Corporation dba

ditech.com ("ditech"):

## INTRODUCTION

1.  The defendant, ditech, is a large, sophisticated lender that solicits clients for

second mortgage loans through a massive television campaign and through the

use of an internet web site. Ditech advertises that it allows the public to deal

directly with the lender and avoid the middleman, implying that it will cost the

borrower less than a traditional loan through a bank. The web site also claims:

"Competitive Rates Our convenient and speedy process enables us to offer some

of the lowest rates in the business for all types of home loans. We challenge you

to find lower rates and fees from any other lender out there!". See

www.ditech.com/about/why_ditech.jsp. As set forth more fully below, ditech

1

regularly and systematically charges high fees and rates in connection with its second mortgage loans.

2. Unlike traditional loans that are closed by a closing attorney, Ditech's practice is to have the documents delivered by overnight mail or a notary or "document signer" deliver the documents to the customer at the customer's home. As stated on its web site: "In some states, for a refinance or second mortgage, ditech.com will send a document signer to your home or another place that you designate so you can sign all your loan documents." See www.ditech.com/questions/loanapplication.jsp#5. The Notary does not have the ability or knowledge to answer any questions regarding the loan. The signer is merely instructed where to obtain signatures, nothing more. This deceptive scheme violates the consumer protection laws enacted by Congress and the entire spirit of the "Truth in Lending" laws designed to provide consumers with easily understood and disclosed information regarding the true cost of credit.

3. This is an action pursuant to the Truth in Lending Act ("TILA"), codified at 15 U.S.C. Sec 1601 et. seq. TILA was enacted by Congress in 1968 as Title I of the Consumer Protection Act. TILA is a remedial statute that is to be construed liberally. *Ellis v. GMAC*, 160 F.3d 703, 707 (11th Cir. 1998).

4. The Federal Reserve Board adopted Regulation Z shortly after enactment of the 1968 Act. Regulation Z can be found at 12 CFR 226.1 et seq. The purpose of TILA and Regulation Z is to promote the informed use of credit and level the playing field between competing creditors.

2

5.  The law is designed to protect consumers in credit transactions by requiring the clear disclosure of the key terms and costs of the lending transaction. The goal of TILA is to enable the consumer to understand what their actual costs of borrowing will be on a given transaction.

6.  TILA intends to provide consumers with an informed understanding of the cost of credit by forcing lenders to make certain disclosures.

7.  Additionally, TILA provides for material disclosures under 15 U.S.C. Sec. 1601 (u), which includes "the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed, the total of payments, the number of and amount of payments, the due dates or periods of payments scheduled to repay the indebtedness, and the disclosures required by [15 U.S.C. Sec. 1639 (a).]".

8.  Additionally, when a consumer is using their home as collateral for a loan. The TILA provides the consumer with the right to cancel non-purchase money loans that include liens on their homes. See 15 U.S.C. Sec. 1635 (a).

9.  The right to cancel may be exercised until midnight of the third business day after the loan is consummated. This right may be extended up to three years if the consumer borrower is not provided accurate material disclosures. See 15 U.S.C. Sec. 1635 (f).

10. In 1994, Congress added to the TILA by enacting the Home Ownership Equity Protection Act, 15 U.S.C. § 1639, ("HOEPA"). HOEPA was enacted by Congress to curb predatory lending.

11. Congress found that several high-rate lenders were using non-purchase money mortgages to take advantage of unsophisticated and low income homeowners in a "predatory" fashion. See S. Rep. 103-169, 1994 U.S.C.C.A.N. 1881, 1907.

12. HOEPA provides additional protections for consumers whose loan falls within the definition of a "High Cost Mortgage". A loan is considered a "high cost mortgage" and triggers the HOEPA requirements if one of two tests is met. The first test is whether the consumer was charged more than 8% of the "total loan amount" in points and fees. In setting the 8% bright line test Congress found that the 8% level for points and fees was well above the industry average. The 8% trigger was to "prevent unscrupulous creditors from using grossly inflated fees and charges to take advantage of unwitting consumers". S. Rep. 103-169, 1994 U.S.S.C.A.N. 1881, 1908. The second test is whether the APR exceeds the comparable treasuries rate by more than 10%.

13. At least three business days prior to closing a "high cost" loan, Lenders are required by 15 U.S.C. Sec. 1639 to provide the following written disclosures in conspicuous type size:

(a) the annual percentage rate;

(b) the amount of the monthly payment;

(c) that the Consumers were not required to complete the transaction merely because they received the disclosures or that they signed a loan application;

(d) that the loan would result in a mortgage against their home; and

(e) that they could lose their home, any money they have put into it, if they did not meet their obligations.

The form used by ditech for the disclosures required by HOEPA fails to set out the disclosures in conspicuous type size. The form used by ditech for the disclosures required by HOEPA also erroneously and deceptively includes 2 references to the loan interest rate.

## JURISDICTION

14. This Court has jurisdiction under 28 USC § 1331 in that the complaint deals with federal questions arising from federal statutes.

## VENUE

15. Venue is proper in this District where the defendant resides pursuant to 28 U.S.C. Sec. 1391 (b).

## PARTIES

16. Plaintiffs are a "consumer" as defined under TILA, 15 USC § 1602(h).

17. The plaintiffs are residents of Florida.

18. Defendant, ditech, is a mortgage company and a "creditor" as defined under TILA, 15 USC § 1602(f).

19. Ditech has made more than five loans secured by real property in the each of the years 1999, 2000, and 2001.

## COUNT I

### VIOLATION OF THE TRUTH IN LENDING ACT
### BY PLAINTIFFS SCHNEIDER

20. Schneider incorporates by reference the facts set forth in paragraphs 1-19.

21. Schneider entered into a loan that was secured by their principal dwelling in Hillsborough County, Florida.

22. Schneider was charged at least $4295.00 in up front fees for a $39,000 loan. The alleged APR for the loan was 18.923%.

23. The Truth in Lending Disclosure Statement and Itemization of Amount Financed for Schneider's loan is attached as Consolidated Exhibit 1.

24. The schedule of payments provided to the Schneider was inaccurate. The first payment was not due on March 1, 2001 as set forth on the Truth in Lending Disclosure Statement. The first payment was paid from the loan proceeds. See Itemization of Amount Financed, Consolidated Exhibit 1.

25. The date of the note was January 23, 2001.

26. Plaintiffs gave the defendant written notice of an election to cancel the transaction within three years of the loan consummation.

27. Plaintiffs' written election to cancel was given on January 2, 2004.

28. A response is required within 20 days after the creditor receives it. See 15 U.S.C. Sec. 1635 (a).

29. The defendant did not honor or respond to Schneider's written election to cancel at any time.

30. Schneider was forced to file this action to confirm the election to cancel.

Wherefore, Schneider prays this court grant the following relief in Schneider's favor and against defendant, ditech:

     a.     A judgment enforcing the election to rescind the transaction and granting Schneider the relief they are entitled to under 15 U.S.C. § 1635;

     b.     An award of statutory damages under 15 U.S.C. Sec. 1640 for ditech's failure to timely respond to the notice of election to cancel;

     c.     An award of costs and attorneys fees;

     d.     Such other and further relief that the court deems just and proper.

## COUNT II

### VIOLATION OF HOME OWNERSHIP EQUITY PROTECTION ACT BY PLAINTIFFS SCHNEIDER

31. Schneider incorporates by reference the facts set forth in paragraphs 1-19, 21-30.

32. Schneider was charged an APR that exceeded the applicable treasuries rate by more than 10% and fees in excess of 8% of the "total loan amount".

33. Schneider's loan falls within the definition of a "high cost" mortgage as that term is defined by 15 U.S.C. § 1602 (aa).

34. Schneider's loan falls within the parameters of HOEPA, 15 U.S.C. § 1639.

35. HOEPA requires that certain disclosures be made in conspicuous type size to consumers at least three business days before loan consummation. See 15 U.S.C. Sec. 1639 (b)(1).

7

36. Schneider was not provided the notices they were entitled to three business days in advance as required by 15 U.S.C. Sec. 1639 (b).

37. The disclosures required by 15 U.S.C. Sec. 1639 (a) are deemed material disclosures under 15 U.S.C. Sec. 1602 (u).

38. The defendant included a prepayment penalty that failed to comply with 15 U.S.C. Sec. 1639 (c)(2)(B). See Prepayment Penalty Provision attached as Consolidated Exhibit 1.

39. The inclusion of terms, prohibited by HOEPA, are deemed to be failure to provide material disclosures for purposes of rescission. 15 U.S.C. Sec. 1639 (j).

40. Schneider gave the defendant written notice of the election to cancel the transaction within three years of the loan consummation.

41. The defendant did not honor or respond to the written election to cancel at any time.

42. Schneider was forced to file this action to confirm the election to cancel.

Wherefore, Schneider prays this court grant the following relief in his favor and against defendant, ditech:

       a.      A judgment confirming the election to cancel the transaction and granting Schneider the relief they are entitled to under 15 U.S.C. § 1635;

       b.      An award of statutory damages under 15 U.S.C. Sec. 1640 for ditech's failure to timely respond to the notice of election to cancel;

       c.      An award of costs and attorneys fees;

       d.      Such other and further relief that the court deems just and proper.

Respectfully submitted,

*[signature]*

Mary T. Szeluga
Florida Bar Number 17388
Legg Law Firm, LLC.
5500 Buckeystown Pike
Frederick MD 21703
Tel. (301) 620-1016
Toll Free 1-888-LEGG LAW
Fax (301) 620-1018
Email Szeluga@legglaw.com

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury on all issues so triable as a matter of right.

*[signature]*

Mary T. Szeluga

# CONSOLIDATED EXHIBIT 1

## TRUTH IN LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

Applicant: Steven J. Schneider, Shelley L. Schneider
2907 Forest Club Drive
Plant City, FL 33567

Lender: GMAC Mortgage Corporation DBA ditech.com
3200 Park Center Dr. Suite 150
Costa Mesa, CA 92626

Loan No: 000652422686

Property: 2907 Forest Club Drive
Plant City, FL 33567

Type of Loan: Conventional
Date: January 23, 2001
Disclosure Type: Final

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. |
| 10.923 % | $ 68,968.62 | $ 34,080.51 | $ 103,049.13 |

REPAYMENT: See Payment Schedule below.

**PAYMENT SCHEDULE:**

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | WHEN PAYMENTS ARE DUE | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | WHEN PAYMENTS ARE DUE |
|---|---|---|---|---|---|
| 179 | 572.53 | Monthly beginning 03/01/2001 | | | |
| 1 | 566.26 | Monthly beginning 02/01/2016 | | | |

**DEMAND FEATURE:** [X] This loan does not have a Demand Feature. [ ] This loan has a Demand Feature as follows:

**REQUIRED DEPOSIT:** [ ] The annual percentage rate does not take into account your required deposit.

**VARIABLE RATE FEATURE:** [ ] This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.

**SECURITY:** You are giving a security interest in the property located at: 2907 Forest Club Drive
Plant City, FL 33567

**ASSUMPTION:** Someone buying this property [X] cannot assume the remainder of the mortgage on the original terms
[ ] may assume, subject to conditions, the remainder of the mortgage on the original terms.

**FILING / RECORDING FEES: $ 214.50**       **NON-FILING INSURANCE: $ N/A**

**PROPERTY INSURANCE:** [X] Homeowner's insurance, or fire and extended coverage, is a required condition of this loan. Also, if the property securing this loan is located in a flood hazard area, you will be required to obtain flood insurance. Borrower may purchase this insurance from any insurance company acceptable to lender.

**LATE CHARGES:** If a payment is more than 10 days late, you will be charged a late charge of 6.000% of the payment.

**PREPAYMENT:** If you pay off your loan early, you
[X] may   [ ] will not   have to pay a prepayment penalty.
[ ] may   [X] will not   have to pay a minimum finance charge.
[ ] may   [X] will not   be entitled to a refund of part of the finance charge.

See your contract documents for any additional information about non-payment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

| | | |
|---|---|---|
| _____ BORROWER/DATE | Steven J. Schneider | _____ BORROWER/DATE |
| _____ BORROWER/DATE | Shelley L. Schneider | _____ BORROWER/DATE |

159003 - 06/23/1999
LASER PRO. Reg. U.S. Pat. & T.M.Off., Version 2.0.8.7p14 (c) 2001 CFI ProServices, Inc. All Rights Reserved.

## ITEMIZATION OF AMOUNT FINANCED

| | | |
|---|---|---|
| Applicant: Steven J. Schneider | Lender: | GMAC Mortgage Corporation DBA ditech.com |
| Shelley L. Schneider | | 3200 Park Center Dr. Suite 150 |
| 2907 Forest Club Drive | | Costa Mesa, CA 92626 |
| Plant City, FL 33567 | | |

Loan No: 000652422686

| | | |
|---|---|---|
| Total Loan Amount: | $ | 39,000.00 |
| Prepaid Finance Charges Paid by Borrower: | | |
| 0801. Loan Origination Fee | | 3,900.00 |
| 0810. Administration Fee | | 395.00 |
| 0901. Interim Interest | | 51.96 |
| 0906. First Payment | | 572.53 |
| Amount Financed: | $ | 34,080.51 |

Mortgage taxes and owner's title insurance policies are NOT covered by any lender fees that the lender may charge in connection with a mortgage loan and are also not covered by any "no closing costs" programs. These costs are the responsiblity of the borrower.

BY SIGNING BELOW, I/WE ACKNOWLEDGE THAT I/WE HAVE READ, RECEIVED AND UNDERSTAND THIS ITEMIZATION OF AMOUNT FINANCED.

APPLICANT(S):

X _____ (SEAL)  X _____ (SEAL)
Steven J. Schneider

X _____ (SEAL)  X _____ (SEAL)
Shelley L. Schneider

## MULTI-STATE 5 YEAR PREPAYMENT
## ADDENDUM TO NOTE

Date:                  **January 18, 2001**

Loan Number:           **000652422686**

Borrower:              **Steven J. Schneider, Shelley L. Schneider**

Property Address:      **2907 Forest Club Drive**
                       **Plant City, FL 33567**

This addendum is made this **Twenty-Third** day of **January**      , **2001**   and is incorporated into and deemed to amend and supplement the Note of the same date.

Covering the property described in the security instrument and located at:

**2907 Forest Club Drive**
**Plant City, FL 33567**

Amended Provisions. In addition to the provisions and agreements made in the Note, Borrower(s) further covenants and agrees as follows:

Paragraph number 6 of the Note is amended as follows:

6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE: I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of the entire unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full or partial prepayment; however, the Note Holder may charge me for the privilege of prepayment. If more than 20% of the original principal amount of this Note is prepaid in any 12-month period within 5 years after the date of this loan, I agree to pay a prepayment charge equal to 6 months interest on the amount prepaid which is in excess of 20% of the original principal amount of this Note. If I make a Partial Prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes.

Your acknowledgment below signifies that written notice was provided to you.


_____          _____
                                                  Steven J. Schneider


_____          _____
                                                  Shelley L. Schneider

## EXHIBIT A

Pending Cases filed against GMAC trading as ditech.com alleging similar fact and law.

# CALIFORNIA

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGLES
Casapao, et al    BC319775
Smith, et al        BC315229 (Class action)
Shoats, et al      BC309271  (Settled)

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
Banks, et al   CA Los Angeles GMAC CV 04-02477 LGB (AJWx)
Jones, et al   CA Los Angeles GMAC CV 04-4590 LGB (AJWx)
Mayo, et al   CA Los Angeles GMAC CV 04-2477 GHK (PJWx)
Talley, et al   CA Los Angeles GMAC CV 04-10221

# FLORIDA

### CIRCUIT COURT – 15TH JUDICIAL CIRCUIT PALM BEACH COUNTY
Kulick , et al            09/27/02        CA02.11659 AE  (Settled)

### UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| *Hielm, Erling | 08/31/04 | 2:05-cv-00004 |
| Bryant, et al | 11/03/04 | 3:04-cv-01165-UA-TEM |
| Cardoza et al | 09/20/04 | 3:04-cv-01345- |
| Conrad, et al | 10/04/04 | 3:04-cv-01343- |
| *Arroyo, Jose | 08/31/04 | 3:05-cv-00005 |
| *Lambert, Fred | 08/31/04 | 3:05-cv-00015 |
| *Nassirou, Nellie | 08/31/04 | 3:05-cv-00007 |
| *Prince, John | 08/31/04 | 3:05-cv-00008 |
| *Younger, Clifford | 08/31/04 | 3:05-cv-00017 |
| Simpson, et al | 01/21/05 | Awaiting Docket Number |
| Hamilton, et al | 05/19/04 | 8:04-cv-01357-EAK-MSS |
| Nutter, et al | 10/26/04 | 8:04-cv-02355-JDW-TBM |
| Lutisan et al | 9/29/04 | 8:04-cv-02645 |
| *Blain, Joseph | 08/31/04 | 8:05-cv-00018 |
| *Skiles, Larry | 08/31/04 | 8:05-cv-00021 |
| *Galloway, Richard | 08/31/04 | 8:05-cv-00022 |
| Schneider, et al | 01/21/05 | Awaiting Docket Number |

| | | |
|---|---|---|
| Null, Donald | 12/29/03 | 6:03-cv-01858- ACC-DAB |
| *Basson, Laurie | 08/31/04 | 6:04-cv-01301- ACC-DAB |
| *Broman, Donald | 08/31/04 | 6:04-cv-01304- ACC-DAB |
| *Kramer, David | 08/31/04 | 6:04-cv-01308- ACC-DAB |
| *Pritt, Scott | 08/31/04 | 6:04-cv-01319- ACC-DAB |
| *Smith, Mildred | 08/31/04 | 6:04-cv-01322- ACC-DAB |
| *Summers, Monte | 08/31/04 | 6:04-cv-01323- ACC-DAB |
| *Tomlinson, Thom | 08/31/04 | 6:04-cv-01324- ACC-DAB |
| *White, Leon | 08/31/04 | 6:04-cv-01325- ACC-DAB |
| *Williams, Jerry | 08/31/04 | 6:04-cv-01326- ACC-DAB |
| Lyon et al | 10/21/04 | 6:04-cv-01552- ACC-DAB |
| Smith, et al | 10/21/04 | 6:04-cv-01581- ACC-DAB |
| James, et al | 11/04/04 | 6:04-cv-01610- ACC-DAB |
| Andrews, et al | 10/05/04 | 6:04-cv-01752- ACC-DAB |
| Brooks , et al | 11/18/04 | 6:04-cv-01671- ACC-DAB |
| Thesenvitz, Dale | 12/10/04 | 6:04-cv-01800- ACC-DAB |
| Imber, Catherine | 01/21/05 | Awaiting Docket Number |

*Case originally filed on December 29, 2003 in Null v GMAC 6:03-cv-01858- ACC-DAB*

## UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| Douglas et al | 08/25/04 | 9:04-cv-80786 (WPB) |
| O'Shaughnessy et al | 10/05/04 | 9:04-cv-81112 (WPB) |
| *Grobaski, Joseph | 08/31/04 | 9:05-cv-80026 (WPB) |
| *Hytner, Elizabeth | 08/31/04 | 9:05-cv-80027 (WPB) |
| | | |
| *Clevinger, Claude | 08/31/04 | 9:05-cv-80025 (WPB) |
| *DeBaugh, William | 08/31/04 | 6:04-cv-01312- pending transfer to SDFL |
| *Herrera, Guillermo | 08/31/04 | 0:05-cv-60040 (FTL) |
| *Huggins, Rudolph | 08/31/04 | 6:04-cv-01317- pending transfer to SDFL |
| *Kowalsky, Daniel | 08/31/04 | 6:04-cv-01307- pending transfer to SDFL |
| *Lasseter, Anna | 08/31/04 | 6:04-cv-01310- pending transfer to SDFL |
| *Roman, Wanda | 08/31/04 | 6:04-cv-01320- pending transfer to SDFL |
| *Barr, Melissa | 08/31/04 | 9:05-cv-80030 (WPB) |

*Case originally filed on December 29, 2003 in Null, et al v GMAC 6:03-cv-01858- ACC-DAB*

## UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| *Blalock, Harvey | 08/31/04 | 1:05-cv-00004 |

*Case originally filed on December 29, 2003 in Null v GMAC 6:03-cv-01858- ACC-DAB*

# GEORGIA
## SUPERIOR COURT FOR FULTON COUNTY, GEORGIA

| | | |
|---|---|---|
| Black, Gwendolyn | 11/04/04 | 2004cv93310 |
| Christensen, Michelle | 11/04/04 | 2004cv93309 |
| Degennaro, Joseph | 11/04/04 | 2004cv93311 |
| Maedke, Deborah | 10/25/04 | 2004cv92927 |
| McKinney, William | 10/25/04 | 2004cv92924 |
| Yi, Hong P. | 11/04/04 | 2004cv93305 |
| Perez, Carmen | | |
| Hayford, Terri | | |
| Barrett, Efrem | | |
| Hyatt, Rufus | | |

## UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| Donley, et al | 08/13/04 | 1:04-cv-02356-JTC |
| Bernardino, Rob | 10/07/04 | 1:04-cv-03628-JTC |
| Butts, William | 10/07/04 | 1:04-cv-3634-JTC |
| Bybee, Pearce | 09/29/04 | 1:04-cv-03322-JTC |
| Cary, Timothy | 09/29/04 | 1:04-cv-03326-JTC |
| Cox, Tammie | 09/29/04 | 1:04-cv-03325-JTC |
| Daniel, David | 10/07/04 | 1:04-cv-03629-JTC |
| Duncan, Crystal | 10/04/04 | 1:04-cv-03616-JTC |
| Garrett, William | 10/15/04 | 1:04-cv-3623-JTC |
| Heath, Vivian Com | 10/04/04 | 1:04-cv-3614-JTC |
| Heidler, Russell | 10/15/04 | 1:04-cv-3621-JTC |
| Hill, Kathy | 10/15/04 | 1:04-cv-3625-JTC |
| Hollinsworth, Ger | 09/29/04 | 1:04-cv-03321-JTC |
| Jackson, Jimmy | 10/15/04 | 1:04-cv-3622-JTC |
| Kimbro, Christop | 10/07/04 | 1:04-cv-3627-JTC |
| Malley, Steve | 10/15/04 | 1:04-cv-3626-JTC |
| Osborne, Shirley | 10/15/04 | 1:04-cv-3618-JTC |
| Peck, Jason | 10/05/04 | 1:04-cv-3633-JTC |
| Peoples, Rebeca | 10/15/04 | 1:04-cv-3619-JTC |
| Pittman, Alies | 09/29/04 | 1:04-cv-03323-JTC |
| Prather, Timothy | 09/23/04 | 1:04-cv-03324-JTC |
| Rainwater, Chris | 10/04/04 | 1:04-cv-3615-JTC |
| Rast, Jean L. | 10/07/04 | 1:04-cv-3631-JTC |
| Sarter, Lamar | 10/04/04 | 1:04-cv-3613-JTC |
| Stone, Reginald | 10/15/04 | 1:04-cv-3624-JTC |
| Tatum, Robert | 10/04/04 | 1:04-cv-3632-JTC |
| Townes, Fordyce | 10/15/04 | 1:04-cv-3620-JTC |
| Vandyke, Steven | 10/07/04 | 1:04-cv-3630-JTC |
| White, Rodney | 10/07/04 | 1:04-cv-3617-JTC |

# MARYLAND
## UNITED STATES DISTRICT COURT, DISTRICT OF MARYLAND

Anderson              AMD 00 CV 3364  SETTLED


# NEW YORK
## UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK

Berry, et al    07/15/04      2:04-cv-02978-JS-MLO


# NORTH CAROLINA
## UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NORTH CAROLINA

Babson, et al  08/13/04      5:04-cv-568
Cortez, et     11/08/04      5:04-cv-838